UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MO,

                                               Plaintiff,

                                                                                       Case # 23-CV-06609-FPG

v.

                                                                                        DECISION AND ORDER

ALEJANDRO MAYORKAS, et al.,

                                              Defendants.
_____

## INTRODUCTION

On October 20, 2023, Plaintiff MO ("Plaintiff") brought this action to compel Defendants to issue a decision on Plaintiff's asylum application.  ECF No. 1.  Plaintiff is a native and citizen of Turkey, and a long-term adherent of the Gulen or Hizmet religious and social movement, who came to the United States in 2015 on an "A-2" visa.  ECF No. 1 at 3.  In November 2016, Plaintiff filed an application for asylum with the United States Citizenship and Immigration Services ("USCIS"), asserting a fear of persecution if he was returned from the United States to Turkey.  ECF No. 2 at 2-3.  Plaintiff has filed a motion for leave to proceed under a pseudonym pursuant to Federal Rule of Civil Procedure 10(a), which Defendants do not oppose.  ECF No. 2.  For the reasons below, Plaintiffs' motion for leave to proceed under a pseudonym is GRANTED.

## DISCUSSION

As a general matter, Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint.  "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly."  *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008).

However, in certain limited circumstances, a court may deviate from this principle and permit a party to proceed under a pseudonym.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. In the Second Circuit, the factors a court may consider include, but are not limited to, the following:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his [or her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his [or her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, citations, and internal quotation marks omitted). "[A] district court is not required to list each of the factors or use any particular formulation as long as . . . the court balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

The Court has considered each of the factors above that are relevant to this case and finds, on balance, that they support permitting Plaintiff to proceed under a pseudonym. As Plaintiff alleges in the present motion, disclosure of Plaintiff's identity, and consequently that of his family, may reveal to the Turkish government that Plaintiff is seeking asylum in the United States, and heighten potential risk of harm to Plaintiff, Plaintiff's extended family, and Plaintiff's associates

who remain in Turkey.  ECF No. 2 at 6.  The facts underlying Plaintiff's case involve "highly sensitive and personal" information because the allegations underlying Plaintiff's asylum application demonstrate a legitimate fear of retaliation from the Turkish government.  *See I.A. v. Barr*, No. 1:19-CV-02530, 2019 WL 3945577, at *1 (D.D.C. Aug. 21, 2019) (concluding that Plaintiffs, which included asylum applicants, may proceed pseudonymously).  In addition, Plaintiff has not objected to providing identifying details to counsel for Defendants sufficient to enable them to defend this action.  ECF No. 2 at 7.

## CONCLUSION

For the foregoing reasons, Plaintiff's unopposed motion for leave to proceed under a pseudonym, ECF No. 2, is GRANTED.  Plaintiff may proceed under the pseudonym "MO" in all filings in this matter, including all exhibits in which his name appears.  In addition, any filings which may identify Plaintiff may be filed under seal or redacted, in order to maintain the confidentiality of Plaintiff's identity.

IT IS SO ORDERED.

Dated: November 6, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York